UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RENEE MARIE POIRIER, )
)
        Plaintiff, ) Case No. 1:08-cv-735
)
v. ) Honorable Paul L. Maloney
)
COMMISSIONER OF )
SOCIAL SECURITY, )
) **REPORT AND RECOMMENDATION**
        Defendant. )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On October 18, 2004, plaintiff filed her applications for benefits, claiming a May 28, 2004 onset of disability. Her claims were denied on initial review. On July 13, 2007, plaintiff received a hearing before an administrative law judge (ALJ) at which she was represented by counsel. (A.R. 988-1033). On October 22, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 16-27). Plaintiff's attorney filed a request for review by the Appeals Council. (A.R. 10-11). On June 26, 2008, the Appeals Council denied review (A.R. 6-8), and the ALJ's decision became the Commissioner's final decision.

On August 6, 2008, plaintiff filed her *pro se* complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Upon review, I find no basis

for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996)

("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of May 28, 2004, through the date of the ALJ's decision. Plaintiff had engaged in substantial gainful activity during the period from August 2005 through July 2006. She had not engaged in substantial gainful activity from May 28, 2004 through July of 2005 and from August of 2006 through October 22, 2007. (A.R. 18-19). The ALJ found that plaintiff had the following severe impairments: "a history of alcoholism and intravenous drug use; pancreatitis; history of traumatic knee injury with [1989 left leg below the knee] amputation; depression; hepatitis C; and arthritis of the L4-5 vertebral bodies and sacroiliac joints." (A.R.19). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 19). The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform "sedentary work, or work that is generally performed while sitting and does not require lifting more than ten pounds." (A.R. 20). He further found that plaintiff was limited to performing unskilled tasks. (A.R. 20). The ALJ found that

plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 23-24). Plaintiff was not capable of performing her past relevant work. (A.R. 25). Plaintiff was forty-five years old as of her alleged onset of disability and forty-eight years old as of the date of the ALJ's decision. Thus, she was classified as younger individual at all times relevant to her claims for DIB and SSI benefits. (A.R. 25). Plaintiff has a high school education, a masters degree in psychology, and is able to communicate in English. (A.R. 25). Plaintiff's acquired work skills were not transferable to other work within her RFC. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 23,500 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 1030-31). The ALJ held that this constituted a significant number of jobs. Using Rule 201.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 16-27).

**1.**

Plaintiff argues that the ALJ failed to give adequate weight to her treating physician's statement that plaintiff was disabled:

> Plaintiff believes Judge Prothro wrongfully denied her benefits. Dr. Ana Frunza filled out a form [for] social security and stated that the Plaintiff was unable to work. Dr. Frunza has been the Plaintiff's physician for approximately 10 years and diligently saw over her care. Judge Prothro disregarded this form, stating that he did not believe what was written on the form. This was a misuse of power.

(Plf. Brief at 2, docket # 15). Upon review, I find that plaintiff's argument is meritless.

The ALJ did not disregard the opinions supplied by Dr. Frunza, but rather considered them at length:

> Sections 404.1504 and 416.904 of the [social security] Regulations provide[] that the determinations of other governmental and non-governmental disability programs are based on their own rules and are not binding on the Social Security Administration. In this regard, I considered the July 2006 statement that Dr. Frunza completed for American Fidelity Insurance Company in which she stated that the claimant had not been able to work since July 18, 2006 and that it was not known when the claimant would be able to return to work (Exhibit B-44F) [A.R. 723]. Because the statement was completed on July 31, 2006 and apparently pertained to the period beginning July 18, 2006, it seems to reflect the signs and symptoms that were present for about two weeks. In December 2006, the physician opined that the claimant was still unable to work. [A.R. 722]. However, according to the claimant's description, she was performing more than sedentary work until July 2006and the medical evidence for the period thereafter does not demonstrate any precipitous decline in function at that time.
>
> Finally, the undersigned considered the statement identified as [E]xhibit B-50F. [A.R. 851-54]. Although Dr. Ana Frunza, M.D., wrote some of her own comments and signed page four of the statement, the first 3 and 1/4 pages were clearly completed by the claimant. It is troubling that the claimant's subjective complaints appear above the doctor's signature (rather than the claimant's subjective complaints and the physician's recommendations being reported distinctly separately as they should be). Nonetheless, in any event, the statement can only be considered as the claimant's subjective statement of her conditions and functional restrictions because that is what the statement contains and reflects. As already indicated in this decision, while the record as a whole reasonably supports a conclusion that the claimant is restricted in the type of work functions she can perform, it does not support a conclusion that she is not able to perform substantial gainful activity.

(A.R. 24-25).

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner and a treating physician's opinion that a patient is disabled is not "giv[en] any special significance." 20 C.F.R. §§ 404.1527(e); 416.927(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirement of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e); 416.927(e); *see*

*Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *Deaton*, 315 F. App'x at 598; *Warner*, 375 F.3d at 390. Dr. Frunza's opinion that plaintiff is disabled was not entitled to any particular weight.

It is the ALJ's job to resolve conflicting medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Mitchell v. Commissioner*, No. 08-6244, 2009 WL 1531879, at * 3 (6th Cir. June 2, 2009); *Martin v. Commissioner*, 170 F. App'x 369, 373 (6th Cir. 2006). Judicial review of the Commissioner's final administrative decision does not encompass resolving such conflicts. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) *Walters v. Commissioner*, 127 F.3d at 528; *see Price v. Commissioner*, No. 08-4210, 2009 WL 2514079, at * 2 (6th Cir. Aug. 19, 2009). The treatment relationship is one of the factors that the ALJ considers in determining what weight to give a medical opinion. Generally, more weight is given to the medical opinions of treating sources. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If the ALJ finds that the treating source's opinion on the issues of the nature and severity of the claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case, the social security regulations specify that the ALJ is to give the medical opinion controlling weight. *Id.*; *see McGrew v. Commissioner*, No. 08-4561, 2009 WL 2514081, at * 3 (6th Cir. Aug. 19, 2009); *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009); *White v. Commissioner*, 572 F.3d 272, 285-86 (6th Cir. 2009). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's

decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). An opinion that is based on the claimant's reporting of her symptoms is not entitled to any particular weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 2009 WL 1531879, at * 5-6; *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(d), 416.927(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d at 875-76; *see Allen v. Commissioner*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural

requirement exists, in part, for claimants to understand why the administrative bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876. I find no violation of the treating physician rule. The ALJ's decision is supported by more than substantial evidence and he complied with the procedural requirement of providing "good reasons" for the weight he gave to Dr. Frunza's opinions.

**2.**

The ALJ's October 22, 2007 decision finding that plaintiff was not disabled during the period from May 28, 2004 through October 22, 2007 is the Commissioner's final administrative decision before this court for review. Plaintiff states that five months after the ALJ's decision she underwent surgery:

> Plaintiff would like to state at this time that on March 24, 2008 she underwent a Pancreaetctomy with Islet Cell Transplant, which consisted of a 20-hour surgery. Prior to the surgery many tests and procedures were completed by Cleveland Clinic[] doctors. Twelve doctors had to be in agreement that the surgery was needed to sustain the person's life. The testing had begun prior to the July 2007 social security administration hearing, and a positive diagnosis of Chronic Pancreatitis had to be reached prior to the testing. There was definitive evidence at the hearing that Plaintiff had Chronic Pancreatitis. There was abundant evidence that Plaintiff was suffering and debilitated; however, Judge Prothro disregarded such. Thus the Administrative Law Judge's findings are contrary to the weight of evidence currently on record.

(Plf. Brief at 3). Plaintiff did not submit any new medical evidence in support of this argument. For more than fifteen years it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is

limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

Plaintiff is proceeding *pro se* and her arguments based on medical treatment she received after the ALJ's decision is indulgently construed as a request for a remand to the Commissioner under sentence six of section 405(g). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the additional evidence proffered in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d

at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff did not address or carry her burden. There is no new evidence before the court warranting a sentence six remand.[1]

**3.**

Plaintiff argues that the ALJ was "disinterested, and without empathy or compassion" in his questioning of plaintiff during her administrative hearing:

> When the Plaintiff, in tears, tried to tell Judge Prothro about her depression, anxiety, sleep problems and PTSD from the Plaintiff[']s husband holding her at gun point for several hours in [May 1999 in] a 9 hour stand off with police, eventually killing himself, Judge Prothro coldly and callously stated[,] "You just need to get over it," rolling his eyes. Judge Prothro was disinterested, and without empathy or compassion. There appears to be an abuse of discretion by the Administrative Law Judge.
>
> * * *
>
> Judge Prothro callously and wrongfully denied Plaintiff benefits using his power. During the Social Security Administration hearing in July 2007 Judge Prothro exemplified a man with no feelings, care or concerns for other human beings, specifically the Plaintiff.

(Plf. Brief at 3, docket # 15). Plaintiff's argument is completely undermined by the hearing transcript. The transcript reveals that the ALJ never made the quote attributed to him. It shows that the ALJ patiently and politely attempted to elicit testimony from plaintiff explaining why she believed that she was disabled on and after May 28, 2004. (A.R. 990-1016, 1019-23). Plaintiff's attorney did not object to any of the ALJ's questions because there was no basis for an objection. This argument does not provide a basis disturbing the Commissioner's decision.

---

[1] If plaintiff believes that her condition has deteriorated since the ALJ issued the Commissioner's October 22, 2007 decision, she remains free to file new applications for DIB and SSI benefits.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: September 2, 2009          /s/ Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).